MAX MENCHER, Respondent, v. ADOLPH J. CHESLEY, Appellant.— In an action to recover damages for an alleged libel, order denying defendant's motion to dismiss the complaint under rule 106 of the Rules of Civil Practice for failure to state facts sufficient to constitute a cause of action, and denying in part defendant's motion to strike several paragraphs from the complaint, under rule 103 of said Rules, modified by adding to the second ordering para-

graph the following numbered paragraphs of the complaint: 13, 14, 15, 16, 17, 19, 20, 21, 23. As thus modified, the order, insofar as appealed from, is affirmed, without costs. No opinion. We do not pass upon paragraphs 10 and 11 of the complaint because objection to those paragraphs was not raised at the Special Term. Lewis, P. J., Carswell and Adel, JJ., concur; Hagarty, J., dissents and votes to reverse the order and to grant the motion to dismiss the complaint, with the following memorandum, in which Johnston, J., concurs: Plaintiff alleges that defendant libeled him by (1) charging that he was a Communist and advocated the overthrow of the government by force, (2) charging him with the commission of perjury in that he had falsely stated, to a question in his employment application, that he did not advocate the overthrow of the government by force and (3) charging that he was guilty of malfeasance and misfeasance in office in that he conspired to oust defendant from office to promote Communism. Defendant did not charge plaintiff with being a Communist. He said that plaintiff was a "former Daily Worker employee" and "was campaign manager for Isidore Nagler, Communist candidate for Bronx Borough President in a recent election." What defendant meant by his conclusion in this respect "Maybe that will help to add up the score", seems reasonably clear. The theme of his statement was that "left wingers," whose policies had differed from his, had succeeded in procuring his dismissal and he suspected that plaintiff was also a "left° winger" who had aided in bringing about that dismissal. The nub of this case, as to clause (1), is whether the words are sufficient to constitute a charge that plaintiff was a Communist. If they are, the words are actionable, in my opinion. I am not in agreement with the majority of the court in its conclusion that the allegations of the complaint in which it is alleged, in effect, that it is the general belief that the Communist party advocates the overthrow of the government by force and is regarded generally with distrust, apprehension, contumely and scorn should be struck out. Whether or not it be the fact that the Communist party advocates violence, as distinguished from general belief, damage is wrought if such is the understanding and the reaction of persons of ordinary and average intelligence, and a jury question as to such understanding and reaction would be presented. (*Hoey* v. *New York Times Co.*, 138 App. Div. 149, 156.) The question is the effect upon the person of ordinary and average intelligence, rather than upon so-called right thinking and wrong thinking people. (See *Grant* v. *Reader's Digest Ass'n*, 151 F. 2d 733, certiorari denied 326 U. S. 797, January 28, 1946.) But the words are actionable only if they directly charge that a person is a Communist or are tantamount to such a direct charge. So too, with respect to the word "Fascist". Short of this, there are a variety of expressions, intended to be derogatory, which are so vague that they cannot be said to be actionable, such as, on the one hand, "left winger", "radical" and "pink" and, on the other hand, "right winger", "reactionary" and "capitalist". Reading the statement of defendant in its entirety, it is clear that defendant sought to consign plaintiff to the ranks of the "left wingers". Plaintiff seeks to interpret the charge that he was a former employee of the Daily Worker in a manner which the charge will not bear. He would expand the statement to mean that he had been charged with employment in an editorial, journalistic, executive or other similar capacity and was a skilled propagandist on behalf of Communistic ideology. He puts words in defendant's mouth which the latter did not utter. In the absence, at least, of allegations that, in fact, the Daily Worker or candidate Nagler advocated

the overthrow of the government by force or otherwise earned the distrust, apprehension, contumely, or scorn of the public, the words used were with respect to employment by the Daily Worker or association with Nagler by the plaintiff and are not actionable. The effect of the use of the word "Communist" in the abstract, to be weighed by the reaction of the man in the street, differs from words used to associate. plaintiff concretely and specifically with the Daily Worker and Nagler. The facts showing that employment or association with such paper or individual would serve to cast plaintiff in disgrace or obloquy must be alleged. (*Balabanoff* v. *Hearst Consolidated Publications*, 294 N. Y. 351.) For the same reasons, the cause of action predicated on clause (2) is insufficient, as it is also for the reason that nowhere did defendant directly or indirectly charge plaintiff with the. commission of perjury. As to subdivision (3) which seems to be the only one as to which the majority of the court regards the complaint sufficient, there is no charge of conspiracy in defendant's statement, and its effect is not to charge plaintiff with violation of duty, but rather with the advocacy of policies differing from those of defendant, who, of course, presented his own claimed policies in their most favorable light. In fact, plaintiff does not even deny that he did aid in bringing about the dismissal of defendant and for the reason that he was in agreement, as to policies, with the alleged group or groups opposing defendant. The statement does not libel plaintiff as to the conduct of his official position. (Cf. *Hills* v. *Press Co.*, 122 Misc. 212, 215, affd. on opinion below, 214 App. Div. 752.) In any event, an allegation of special damages is essential, and it does not appear in this complaint. (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352.) [186 Misc. 877.]