DAVID KRUMHOLZ, Plaintiff, *v.* LEO RAFFER et al., Defendants.

Supreme Court, Special Term, Bronx County, July 23, 1949.

*Katz & Wolchok* for plaintiff.

*Weil, Gotshal & Manges* for defendants.

RABIN, J. This is an action in slander. This motion is made to dismiss the complaint for legal insufficiency. The plaintiff is the business manager of Local 353, Retail Furniture & Floor Covering Employees Union, affiliated with the Retail, Wholesale, and Department Store Union. The alleged oral defamations, set forth in the three causes of action which comprise the complaint, are as follows: (1) " He [meaning the plaintiff] is a dirty low-down Communist;" (2) " Mr. Krumholz [meaning the plaintiff] and the union [meaning the union of which the plaintiff is business manager] are a bunch of Communists "; (3) " Mr. Krumholz [meaning the plaintiff] is a dirty Communist ". No special damages are alleged and the defendant seeks a dismissal of the complaint on two grounds: (1) that there is no adequate allegation to show that the alleged defamation referred to the

plaintiff and (2) that the words complained of are not slanderous per se.

With regard to the first ground of the objection, the complaint is legally sufficient. In an action for slander it is not necessary to state in the complaint any extrinsic fact to show the application to the plaintiff of the defamatory matter (Rules Civ. Prac., rule 96; *Nunnally* v. *Tribune Assn.*, 111 App. Div. 485). The alleged defamations are not so general and indefinite that one hearing them could not apply them to plaintiff. On the contrary, the complaint alleges definitely that the alleged defamatory statement referred to the plaintiff.

The real issue turns on the question as to whether the words complained of are slanderous per se.

The law considers those oral statements actionable per se which fall into three categories: (1) defamations which impute some offensive or loathsome disease; (2) defamations which impute a charge of some punishable crime and (3) defamations which tend to injure a person in his trade or business (Seelman on the Law of Libel and Slander, pp. 599–601; *Hartmann* v. *Winchell*, 296 N. Y. 296).

In the present case, category one is automatically eliminated. With respect to category two, I hold that charging one with being a communist, as was done in this case, does not impute a punishable crime. Under category three, unless we can spell out from the words themselves that the words were said concerning the plaintiff in his business and tended to injure him in his business, there must be a pleading of those facts in order that the use of those words be actionable per se. There is no such allegation in the complaint. It cannot be said as a matter of law that such words do or do not concern plaintiff in his business or tend to injure him therein. They may or may not. Therefore, the complaint must be dismissed with leave to amend, either by stating the necessary allegation or by pleading special damages.