ARTHUR GROSS, Plaintiff, *v.* BENJAMIN MALLAMUD, Defendant.

Supreme Court, Special Term, Bronx County, May 21, 1951.

*Julius Schnapper* for defendant.

*Robert E. Perin* for plaintiff.

AARON J. LEVY, J. Motion to dismiss the complaint for legal insufficiency. The complaint sets forth that at a meeting of the Parents' Association of the Mosholu Parkway Junior High School the defendant called the plaintiff " a Communist and a Communist plant ". Since no special damages are alleged the complaint must be dismissed unless the utterance is held to be slanderous per se.

In *Garriga* v. *Richfield* (174 Misc. 315) it was held that it was not slanderous per se to make a false charge that a person is a communist. On the other hand, the written publication, if untrue, that one is a communist has been held to be libelous per se. (*Mencher* v. *Chesley,* 270 App. Div. 1040, affd. 297 N. Y. 94.)

As a general rule written words exposing a person to hatred, ridicule, contempt, shame or disgrace are libelous per se, while merely verbal slander of such a character is not actionable without the averment of extrinsic acts or the allegation and proof of special damages. (33 Am. Jur., Libel and Slander, p. 66; Note, 171 A. L. R. 709, 710.)

It is the court's opinion that the defamatory words herein are not slanderous per se, and the motion to dismiss the complaint is granted. Plaintiff is given leave to amend the complaint, within ten days after service of a copy of this order, with notice of entry.