**PECYK, Admr., Plaintiff-Appellee, v. SEMONCHECK, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22284.   Decided January 14, 1952.

Jack G. Day, for plaintiff-appellee.
Rager, Forrester, Briggs & Wincek, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District; NICHOLS, J, of the Seventh District sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.:

This is an appeal on questions of law from a judgment rendered on the verdict of a jury.

The plaintiff, as administrator of the estate of Walter Pecyk, deceased, filed an action in the Municipal Court of Cleveland, Ohio, against the defendant, Michael Semoncheck, wherein such administrator, Anthony Pecyk, alleged that Semoncheck "did wilfully utter and publish concerning" the father of the plaintiff (who was the plaintiff's and is now the appellee's decedent), "false, malicious and defamatory matter" as follows:

"I knew Toney Pecyk's father for 24 years, and I know he's a Communist or Communist sympathizer, and I can prove it."

The above statement was orally made at a meeting of the Political Action Committee of the Congress of Industrial Organizations in Cleveland, Ohio.

An action was filed by Walter Pecyk, the decedent, during his lifetime, against Michael Semoncheck, for damages based on the alleged slander. Upon the death of Walter Pecyk, the action, under §11397 GC, abated and was dismissed. Thereafter, the appellee herein, as administrator of the estate of Walter Pecyk, filed, under favor of §11235 GC, an action against Semoncheck for the injury to the "person" of Walter Pecyk by reason of the alleged slander. See: **Smith v. Buck, 119 Oh St 101.**

The amended petition, upon which the action was tried, did not allege any special damages occurring as a result of the oral statement alleged to have been made by Semoncheck.

The question determinative of this appeal is: Is the oral statement that a person "is a Communist or a Communist sympathizer" slander per se?

In the case of **Schoedler v. Motometer Gauge & Equipment Corp., et al., 134 Oh St 78,** the court said, at page 84:

"To constitute a cause of action in slander, the words spoken must either be actionable per se or special damage must be alleged. If they are slanderous per se, damage will be presumed; otherwise, special damage must be alleged in order to render them actionable.

"In **Davis v. Brown, 27 Oh St 326,** the court said that words, to be actionable per se, must come within one of the following classes:

" 'I. The words must import a charge of an indictable offense, involving moral turpitude or infamous punishment; or,

" 'II. Impute some offensive or contagious diseases calculated to deprive the person of society; or,

" 'III. Tend to injure him in his trade or occupation.' "

Thus it is seen that Ohio has consistently followed the rule which was explicitly stated in **Davis v. Brown, 27 Oh St 326.**

In the instant case, the words spoken of the father of Anthony Pecyk did not "import a charge of an indictable offense, involving moral turpitude or infamous punishment," and they did not indicate in any way that the one of whom the words were spoken had an "offensive or contagious disease" which would deprive such person "of society."

Did the words used "tend to injure" Anthony Pecyk's father (Walter Pecyk) "in his trade or occupation"? There was no charge of this nature in the petition, for it charges only that the statement was "calculated to injure the deceased in his reputation as a man and a citizen," and "to bring him into public scandal, infamy and disgrace * * *."

Many early cases have discussed the question of what words, when spoken, are or are not actionable per se, among them being:

**Dial, Admr., v. Holter, 6 Oh St 228** (an action for libel and slander), in which it was determined that "Words spoken of another, charging him with maliciously removing the cornerstone of lands, are, per se, actionable."

**Alfele v. Wright, 17 Oh St 238,** words by one partner charging the other partner with burglary and larceny "are not actionable, without special damage."

**Hollingsworth v. Shaw, 19 Oh St 430,** "an action of slander cannot be maintained for calling the plaintiff a deserter, without averment and proof of special damage."

**Davis v. Brown, 27 Oh St 326,** "Words spoken, charging a man with sodomy, are not actionable without alleging special damage; * * *" such an act not then being a crime. See also, **Melvin v. Weiant, 36 Oh St 184.**

**Hayner v. Cowden, 27 Oh St 292,** "Words, charging a clergyman with drunkenness, when spoken of and concerning him in his office or calling, are actionable per se."

Words which tend to subject a person to public hatred, ridicule or contempt, are actionable per se, if written, but such words when orally spoken do not give rise to an action in slander per se. **State v. Smily, 37 Oh St 30, Bigelow v. Brumley, et al, 138 Oh St 574,** at page 592. See also, **Sweeney v. Beacon Journal Pub. Co., 66 Oh Ap 475.**

As has been said in the case of Melvin v. Weiant, supra, at page 185:

"We fully agree with counsel for the plaintiff, that the words spoken of his client were of the grossest and most scandalous

character. It would be difficult to put into words, a charge, which, if believed, would more certainly exclude from society the one against whom the same was made, or more surely expose him to public odium and disgrace."

Judge Doyle of this court correctly indicated the attitude concerning the belief of the loyal citizens of this country when he stated in the case of **Fawick Airflex Company, Inc. v. United Electrical, etc., et al., 56 Abs 419, at page 422:**

"The Communist Party abroad, with its American counter-part, is presently the powerful force which has caused and is causing the destiny of nations to hang in the balance in the ideological struggle between the communistic-thinking and democratic-thinking peoples of the world; the party in its struggle for power would make 'merchandise of * * * American principles' * * *."

In the instant case, there is nothing in the petition or in the evidence to indicate that Walter Pecyk was injured in his trade or calling by reason of the scandalous statement made concerning him. Therefore, notwithstanding our belief that such a statement would subject Walter Pecyk to public hatred, ridicule and contempt by the vast majority of American citizens, yet, without an allegation and proof of special damage, the words used herein are not actionable.

We do not say that one who is called a "Communist or Communist sympathizer" cannot recover damages for the slander thus committed. We do say that in order to recover damages for such a slander it is necessary to allege and prove special damage to the one about whom such words are used. Where such special damage is alleged in the petition, the action will lie.

The trial court, under the state of the record before us, committed prejudicial error in submitting the case to a jury.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant.

The judgment is reversed, and final judgment is awarded to the appellant, Michael Semoncheck. Exceptions. Order See Journal.

DOYLE, J, NICHOLS, J, concur.