DAVID KEEFE et al., Plaintiffs, *v.* HELEN O'BRIEN, Defendant.

Supreme Court, Special Term, Kings County, September 30, 1952.

MOTION to dismiss complaint for insufficiency in law.

*Morton W. Jacobs* for defendant.

*Benjamin B. Sterling* for plaintiffs.

Moss, J. Defendant, sued in slander, moves to dismiss the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. Damages in the aggregate sum of $20,000 are demanded.

The asserted defamation consisted of the following words: "You are [meaning the plaintiff, Mary Keefe] a communist." "The whole neighborhood knows that you and your husband [meaning Mary Keefe and David Keefe] are communists." "Some investigator came to my house recently and I gave him the whole story about your being communists." The words are alleged to have been uttered by defendant in the presence of Mary Keefe and others in an alleyway between the residence of the parties; the plaintiffs reside at 6518 Avenue T, while the defendant resides at 6522 Avenue T, Brooklyn.

The complaint, if upheld, must be sustained on the theory that it pleads a sufficient cause of action for slander per se, inasmuch as it fails adequately to plead special damages, or that the words were said concerning said plaintiff in his business. (To same effect, see *Krumholz* v. *Roffer,* 195 Misc. 788, per RABIN, J.) The averments that plaintiff, David Keefe, at the time of the occurrence complained of "was and had been an official of the United Financial Employees Union * * * and as a result

of the false and defamatory words spoken * * * has been seriously injured in his credit and reputation * * * and was otherwise injured to his damage in the sum of Ten Thousand ($10,000.00) Dollars,'' are not sufficient to show special damage (*Hartmann* v. *Winchell*, 296 N. Y. 296, 298). Nor do they suffice to support an interpretation that the words were spoken of and concerning plaintiff, David Keefe, in his business or occupation and that he suffered damage thereby (*Shakun* v. *Sadinoff*, 272 App. Div. 721; *Hartmann* v. *Winchell, supra*, p. 298). A similar determination must be made as to the allegations affecting plaintiff, Mary Keefe, wherein a like sum of $10,000 was demanded.

The question presented by the motion is one of general interest, and therefore the court feels that it should set forth the basis for its decision, without intending thereby in any respect whatsoever to reflect on the immediate parties to this controversy.

To hold that calling one a communist is slander would unwittingly entrap the unwary, for nothing would please communists better than to enable them to institute suits for damages promiscuously, regardless of the ultimate outcome. It has been amply demonstrated that it is part of communist doctrine and strategy to make the courtroom its forum for propaganda purposes. (See American Bar Association, Report of the Special Committee on Communist Tactics, Strategy and Objectives, February 27, 1951.)

As '' Judges are not necessarily to be ignorant in Court of what every one else, and they themselves out of Court, are familiar with '' (*Lumley* v. *Gye*, 2 El. & Bl. 216, 267), the court will take judicial notice of the cold war now existing between our form of government and communism. Our safety is therefore best served by an exposure of communists and communism. It is far better, therefore, to allow free play of our emotions in dealing with persons whom we believe to be communists rather than seal the lips of people who might be frightened into silence and suppression lest use of the word '' communist '' should per se force upon them costly litigation.

This case is distinguishable from *Mencher* v. *Chesley* (297 N. Y. 94) where Fuld, J., held that a *written* publication accusing one of being a communist was libelous. Here we do not have a writing but merely an oral assertion, which allows the court the privilege of affirming the historic distinction between slander and libel which has existed over the centuries. See

opinion of CARDOZO, Ch. J., in *Ostrowe* v. *Lee* (256 N. Y. 36, 39) reading in part as follows: " The schism in the law of defamation between the older wrong of slander and the newer one of libel is not the product of mere accident (Veeder, The History of the Law of Defamation, vol. 3, Essays in Anglo-American Legal History, 459, 461, 467, 468, 471; Fisher, The History of the Law of Libel, 10 Law Quarterly Review, 158; 1 Street, Foundations of Legal Liability, pp. 291, 292; 8 Holdsworth, History of English Law, p. 365). It has its genesis in evils which the years have not erased. Many things that are defamatory may be said with impunity through the medium of speech. Not so, however, when speech is caught upon the wing and transmuted into print. What gives the sting to the writing is its permanence of form. The spoken word dissolves, but the written one abides and ' perpetuates the scandal ' (*Harman and Delany*, Fitzgibbon, 253; Veeder, *supra*, p. 472; Street, *supra*, p. 294).''

The motion to dismiss the complaint is granted, with leave to amend, if the facts so warrant, within twenty days from date of service of order to be entered on this motion. Settle order on notice.