Matthias P. Ward, Plaintiff-Appellant, v. Forest Pre-
serve District of Winnebago County, a municipal
corporation, and Granville H. Coburn, Defendants-
Appellees.

Gen. No. 10,985.

Second District.

February 11, 1957.

Rehearing denied May 7, 1957.

Released for publication May 7, 1957.

John R. Snively, of Rockford, for appellant.

Robert R. Canfield, State's Attorney, and Rosario A. Gaziano, Assistant State's Attorney, both of Rockford, for appellees.

JUSTICE CROW delivered the opinion of the court.

On December 8, 1954 Matthias P. Ward, as plaintiff, brought an action against the Forest Preserve District of Winnebago county, a municipal corporation, and Granville H. Coburn, its superintendent, as defendants to recover damages for slander. Motion to dismiss complaint on behalf of both defendants was filed and after hearing had an order was entered by the trial court granting the motions to dismiss the complaint filed December 8, 1954 and said complaint was dismissed accordingly. Leave was then granted by the court to plaintiff to file an amended complaint against the same two defendants.

The amended complaint was in three counts. In each count it is alleged that the defendant, Granville H. Coburn, on the 10th day of May, 1954 in the Forest Preserve spoke the following words: "You (meaning the plaintiff) are a Communist." On this allegation plaintiff is seeking damages from the defendant, Forest Preserve District of Winnebago county in counts I and II of the amended complaint and from defendant, Granville H. Coburn, in counts I and III of the amended complaint.

A motion to dismiss the amended complaint was made by the defendant, Forest Preserve District of Winnebago county, who moved the court to dismiss the amended complaint and for the court to enter judgment for the defendant, Forest Preserve District of Winnebago county and against the plaintiff for the following reasons:

1. Plaintiff failed to set forth a cause of action against the Forest Preserve District of Winnebago county.

2. This defendant is a municipal corporation engaged fully in maintaining Forest Preserve Districts for the benefit and enjoyment of the public and that it cannot be answerable in slander for opinions of its

259

employees as to the political affiliations of other persons.

3. The alleged slanderous remarks as set forth in the complaint show of themselves that they could not have been issued in the course of the said employee's employment or relative to its business.

4. The alleged slanderous statement in said complaint is not slanderous per se and no special damages have been alleged in said complaint.

A similar motion to dismiss the amended complaint was filed by the defendant, Granville H. Coburn, who moved the court to dismiss the amended complaint as to him and enter judgment against the plaintiff and for the defendant, Granville H. Coburn, for the following reasons:

1. The complaint fails to set forth a cause of action.

2. The alleged slanderous remarks are not slanderous per se and that the plaintiff has failed to allege special damages.

3. That the statement of this defendant as to the political beliefs of the plaintiff do not constitute slander.

4. The purported allegations in said complaint regarding the publication of the alleged slanderous words are a mere conclusion and insufficient to support a cause of action.

Thereafter order was entered by the Circuit Court of Winnebago county granting the motion to dismiss the amended complaint made by each defendant, namely, Forest Preserve District of Winnebago county, a municipal corporation, and Granville H. Coburn. The plaintiff elected to stand on his amended complaint. The cause is before this court on the appeal of plaintiff from the judgment so entered for the defendants.

Plaintiff argues that the imputation of objectionable political principles or practices is defamatory and actionable per se. Thus, the principal question involved

260

is, whether the spoken words as set out in the complaint, are, per se, or of themselves, actionable. The complaint does not aver any special damages as resultant from speaking of such words, hence plaintiff's right of action rests upon whether the alleged statement, was, per se, slanderous.

■ In considering whether a defamatory charge is actionable or not, the distinction between oral and written words must be kept in mind as the same rules of law do not apply to libel, as to slander, the law of the former being wider than that of the latter. Defamatory matter, printed and published, may be actionable per se, while the same words, orally spoken, would not be so, except they occasion special damages.

The reasons given for such rule are that words written or printed are in more permanent form, are susceptible of wider circulation, and hence capable of inflicting greater injury than those merely spoken; also, that the defamation made in script or print necessitates some measure of deliberation, and so, of itself, imputes an evil intention to the writer, as a person who reduces a defamation to writing, is, by law, presumed to have convinced himself of its truth and acted accordingly. With such considerations in mind the courts have declared the rule as to what spoken defamatory words are, of themselves, and without proof of resultant special damages, actionable.

The common law does not give a right of action for all spoken words, even though they disparage the character of another, and is fully declared by courts of highest standing and respectability, in classifying the various kinds of oral statements which are actionable without allegation or proof of special damages.

■ There appear to be, at common law, five classes of spoken words which give rise to a cause of action for their false utterance concerning a person in the presence and hearing of others. They are: (1)

words imputing to a person the commission of a criminal offense; (2) words which impute that the party is infected with some contagious disease, where, if the accusation be true, it would exclude the party from society; (3) defamatory words which impute to the party unfitness to perform the duties of an office or employment of profit, or the want of integrity in the discharge of the duties of such office or employment; (4) defamatory words which prejudice such party in his or her profession or trade; and (5) defamatory words which, though not in themselves actionable, occasion the party special damages.

■ That the foregoing is the rule of the common law appears to be thoroughly established, and, as such, is the law of this state, save where it has been changed by statute. The classifications thus enumerated are controlling in Illinois, except as the Slander and Libel Act (1955 Illinois Revised Statutes, Chapter 126, Section 1, et seq.) has enlarged the rule by providing that false, oral accusations of fornication, adultery and false swearing, are deemed slander and actionable as such.

The utterance complained of, as set forth in the complaint, not being embraced within the category of spoken words, slanderous per se, prescribed by the common law, and not included within the enlargement of same, by our statutory sections previously noted, would not appear to be slanderous unless special damages were alleged and proved.

Plaintiff, however, insists that notwithstanding the general rule of the common law, the courts have passed upon the specific question here involved and that the weight of authority sustains the contention the words charged to have been uttered in the complaint, are actionable per se.

So far as we are advised or have been able to ascertain, the proposition has not been passed upon by the

courts of this state; hence it is an open question in this jurisdiction. The authorities are divided in their holdings, and to determine wherein the weight of authority lies necessitates a consideration of the various decisions.

Each of the following cases: Lewis v. Daily News Co., 81 Md. 466, 32 Atl. 246; Washington Times Co. v. Murray, 55 App. D. C. 32, 299 F. 903; Toomey v. Jones, 124 Okla. 167, 254 Pac. 736; Hays v. American Defense Soc., 252 N. Y. 266; Garriga v. Richfield, 174 Misc. 315, 20 N.Y.S.2d 544; Levy v. Gebler, 175 Misc. 746, 25 N.Y.S.2d 148; Bouden v. Tishman, 35 N.Y.S.2d 760; Sack v. New York Times, 56 N.Y.S.2d 794; Wright v. Farm Journal, 158 F.2d 976; Menchler v. Chesley, 297 N. Y. 94; Oppenheim v. Gunther, 193 Misc. 914, 85 N.Y.S.2d 210; Pogany v. Chambers, 134 N.Y.S.2d 691; Gallaher v. Chavalas, 48 Cal.App.2d 52; Utah State Farm Bureau Federation v. National Farmers Union Service Corp., 198 F.2d 20; Burrell v. Moran, 38 Ohio Ops. 185, 82 N.E.2d 334; Ward v. League for Justice, 154 Ohio St. 367, 95 N.E.2d 769; Americans for Democratic Action v. Meade, 72 Pa. D. & C. 306; Matson v. Margrotti, 371 Pa. 188; cited by plaintiff in support of his position involve a libel, a defamation in writing, rather than slander as in the instant case.

Additionally, plaintiff cites the four cases arising in Illinois: Spanel v. Pegler (C. A. 7th Ill.), 160 F.2d 619; Cerveny v. Chicago Daily News Co., 139 Ill. 345, 28 N. E. 692; Ogren v. Rockford Star Printing Co., 288 Ill. 405; Dilling v. Illinois Publishing & Printing Co., 340 Ill. App. 303, each of which is an action to recover damages for the publication of an alleged libel, wherein, as we have seen, the rules differ materially from those where the charge is slander.

In an action of slander in Remington v. Bentley, (1949) D. C. N. Y. 88 F. Supp. 166, the extemporaneous designation of a government economist as a Communist

by Elizabeth T. Bentley in answer to questions on a television broadcast called "Meet the Press," was held to be slanderous per se and actionable without special damage on the ground that the statement was particularly disparaging of the plaintiff in his occupation as a government economist. The court stated that in accordance with the thinking of the day, officers of the government and the public would distrust the honesty and judgment of an economist in government employment who was known as a Communist, and also that it was natural to presume, apart from government employment, that an economist who was a Communist would adhere to the economic theories of Communism which are repugnant to the theories historically accepted in the United States.

It was held in Krumholz v. Raffer (1949), 195 Misc. 789, 91 N.Y.S.2d 743, that a complaint alleging that the defendant had called the plaintiff a "dirty Communist" was insufficient to charge slander per se without an allegation that the words concerned the plaintiff in his business and tended to injure him in his business, since it could not be said as a matter of law that such words did or did not concern the plaintiff in his business.

And in Gross v. Mallamud (1951), 200 Misc. 5, 108 N.Y.S.2d 822, it was held not slanderous per se to call one a "Communist and a Communist plant."

And again in Keefe v. O'Brien (1952) 116 N.Y.S.2d 286 it was held not slanderous per se to call one a Communist.

It was held in Pecyk v. Semoncheck (1952) 61 Ohio L. Abs. 465, 105 N.E.2d 61, that a statement by the defendant at a meeting of a union committee that he knew the plaintiff to be a Communist sympathizer and could prove it was not slanderous per se, in the absence of a showing that the plaintiff was injured in his trade or calling by reason of the scandalous statement, the

court recognizing that the same language if written would be libelous per se as tending to subject the plaintiff to public hatred, etc. The court expressly stated that it did not mean to hold that there was no recovery in slander for having been called a Communist or a Communist sympathizer, but that in order to recover damages for such a slander it was necessary to allege and prove special damages.

In the initial appellate decision in New York, the First Department in Gurtler v. Union Parts Mfg. Co. (1955), 285 App. Div. 643, 140 N.Y.S.2d 254, held, in line with earlier trial court decisions, that calling the chief engineer of a manufacturing plant a Communist was not slanderous per se. Even though the engineer had previously worked in a defense plant, the court said that the words did not "touch the plaintiff in his profession."

■ The principles of the common law as to the classes of spoken words which are slanderous per se, together with their enlargement by our statutes, are the law of this State, and as such binding upon us. The words complained of do not come within such limitations nor does the weight of authority sustain the contention that such words are actionable per se. Hence, in our opinion, the words in the complaint charged to have been uttered by the defendant, Coburn, are not actionable without allegation of special damages.

No special damage having been averred, and the words set forth not being slanderous per se, the complaint failed to state a cause of action. The trial court properly granted the motions of defendants to dismiss.

■ Having fully disposed of all points presented by plaintiff in this appeal we are constrained to make the following observation. The defendant, Forest Preserve District of Winnebago county, was organized under the provision of an act to provide for the creation

and management of forest preserve districts (1953 Illinois Revised Statutes, Chapter 57½, Section 1, et seq.). As a municipal corporation it has a different status in the suit from that of the other defendant. It is a general rule that a municipal corporation is not civilly liable for damages suffered by individuals in person or property by tortuous acts which are wholly outside the powers conferred upon the municipal corporation by its charter or other legislative enactment. Since a municipal corporation cannot confer upon its officers and agents lawful authority to represent it beyond its corporate powers, the rule of nonliability applies to ultra-vires acts of such officers and agents, whether the acts are directed by the municipal corporation or are done without express direction or corporate sanction, the liability, if any, resting upon the individuals who perform such acts. And a municipal corporation may make itself liable for an unauthorized act of one of its officers or agents by a subsequent ratification by its governing body only where the act which it attempted to ratify might have been authorized in advance without exceeding the charter or granted powers of the municipal corporation. The alleged statement by defendant, Coburn, refers to the political principles or practices of plaintiff. Though made in the course of his official duty as superintendent it was clearly not within the scope of his employment, and, as to the municipal corporation, was ultra-vires. It is to be noted that in the instant case there is no claim* of authorization or ratification on the part of the Forest Preserve District of Winnebago county and in our opinion that municipal corporation could not authorize or ratify such an ultra-vires act on part of its employee, so if plaintiff had a cause of action against the defendant, Coburn, he has none against Forest Preserve District of Winnebago county.

The judgment of the Circuit Court of Winnebago county is affirmed.

Affirmed.

DOVE, P. J., dissents.

EOVALDI, J., concurs.