Warner JOHNSON, Plaintiff and Respondent,

v.

Milton NIELSEN, Defendant and Appellant.

No. 7707.

Supreme Court of North Dakota.

Sept. 15, 1958.

Heringer, Nelson & McClintock, Rugby; Duffy & Haugland, Devils Lake, for appellant.

Friederich & Ziegler, Rugby, for respondent.

BURKE, Judge.

In this action for alleged slander, plaintiff recovered a verdict and judgment against the defendant for $3,000 compensatory damages and $2,000 exemplary damages. After judgment defendant moved the trial court for judgment notwithstanding the verdict or for a new trial. This motion was denied. Defendant has appealed from the order denying this motion and from the judgment.

As a basis for his motion for judgment notwithstanding the verdict defendant urged: 1, That the evidence conclusively shows that plaintiff suffered no damage; and 2, That the evidence establishes conclusively that the statements alleged to have been made by the defendant were privileged.

There is little or no dispute in the facts in this case. The only witness called for the defendant was the plaintiff, himself, who was called for cross-examination under the statute. The defendant was the manager of the Rugby Creamery which purchased dairy products from farmers in the vicinity of Rugby for processing and resale. The plaintiff is the son of Frank Johnson, a farmer, who lived upon one of the milk routes operated by the Rugby Creamery and sold dairy products to it. There was apparently some dissatisfaction among the farmers, who lived upon the same route, with the prices paid by the Rugby Creamery. On the day before the publication of the first alleged slander, these farmers held a meeting, at which plaintiff was present, and drew up a resolution in which they stated they would not continue to do business with the Rugby Creamery unless the prices paid by the Creamery would be increased. Plaintiff delivered this protest or notice to the defendant although he was not one of the signing producers.

The next day, defendant called Leonard Jacobson on the telephone. In the telephone conversation he stated, referring to the plaintiff, "I'm not doing business with

that young Communist, I'm not doing business with Warner Johnson or Frank Johnson, I'm doing no business with that young Red."

In another telephone conversation with Jacobson, the same day, defendant stated: "How come you sent that Warner Johnson, I don't want anything to do with that young communist. I don't want anything to do with that dirty Communistic Red who was kicked out of A. C." (referring to North Dakota Agricultural College). These calls were made over a farmers' party line which had seventeen telephones on the line. Anyone who listened in at any of the phones could have heard the conversations. It was established that one or both conversations were heard by Matt Volk, Mr. and Mrs. Fred Geisinger, and Mrs. Frank Johnson, the plaintiff's mother, in addition to Leonard Jacobson. Each of these persons testified that the reference to the plaintiff as a Communist didn't change their opinion of him at all. There is no evidence of any other publication of the alleged slander except that which plaintiff may have induced by bringing this lawsuit.

Plaintiff is a young man of outstanding scholastic attainments. He was a graduate of Rugby High School and had attended the Agricultural College for a period of 12 months. He had been active in the Future Farmers of America and had been president of the North Dakota Chapter of that Association and at the time of the alleged slander had been chosen as an exchange student to Ecuador, South America. The alleged slander took place on March 30, 1956. The plaintiff left for Ecuador in June 1956. He returned to the United States just before the trial of this case in December and stated at the trial that he intended to arrange for opportunities to speak to clubs and other organizations "to inform the people in my state about the people of Ecuador." The only allegation of damages in plaintiff's complaint was, "That by reason thereof (the alleged slander) plaintiff has been damaged in the

sum of $10,000.00 actual damages." No special damage of any kind was pleaded and none was proved.

■■ The first question therefore was whether the words used were actionable per se. If they were, the law will presume damage and no special allegation or proof is essential to sustain an award of damages. Moen v. Moen, 65 N.D. 40, 256 N.W. 254; Meyerle v. Pioneer Publishing Co., 45 N.D. 568, 178 N.W. 792. In considering this question the distinction between oral and written words must be kept in mind. What is actionable per se when written may not be actionable per se if spoken. Gurtler v. Union Parts Manufacturing Co., 1 N.Y.2d 5, 150 N.Y.S.2d 4, 132 N.E.2d 889; Ward v. Forest Preserve Dist., of Winnebago County, 13 Ill.App.2d 257, 141 N.E.2d 753. Section 14-0204, NDRC 1943, sets forth five classes of spoken words which are actionable. They are a false and unprivileged publication which:

"1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

"2. Imputes to him the present existence of an infectious, contagious or loathsome disease;

"3. Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualifications in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

"4. Imputes to him impotence or want of chastity; or

"5. By natural consequence causes actual damage."

This statute is an enactment of the common law. Ward v. Forest Preserve Dist. of Winnebago County, supra.

To charge a person, who has no gainful profession or occupation, with being a Communist could come under none of the foregoing classes except the fifth. An accusation of the fifth class cannot be slander per se because it isn't actionable slander at all unless it causes special damages. In order to state and establish a cause of action for a publication of the fifth class, it is necessary to allege and prove special damages. Restatement, Law of Torts, Section 570, 571, 575; Ward v. Forest Preserve Dist. of Winnebago County, 13 Ill.App.2d 257, 141 N.E.2d 753; Gurtler v. Union Parts Manufacturing Co., 1 N.Y.2d 5, 150 N.Y.S.2d 4, 132 N.E.2d 889; Pecyk v. Semoncheck, Ohio App.1952, 105 N.E.2d 61. The three cases we have found in which an oral charge that a person was a Communist has been held to be slander per se are, Remington v. Bentley, D.C.N.Y.1949, 88 F.Supp. 166, Solosko v. Paxton, 383 Pa. 419, 119 A.2d 230, and Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596. None of these cases is in point here because, in the Remington case the slander was held to be of the third class in that it disparaged the plaintiff in his occupation of a government economist; and in the Solosko case, the slander was held to be of the first class because membership in the Communist Party is made a crime by Pennsylvania statute, 18 P.S. § 3811, and in the Lightfoot case the slander was held to be of the first class upon the mistaken assumption that mere membership in the Communist Party constituted a crime against the United States. Any doubt upon this question was settled by Yates v. U. S., 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356.

Since in the instant case plaintiff has neither averred nor proved any special damages, he has failed to state or make out a prima facie case. Defendant was therefore entitled to judgment notwithstanding the verdict.

The order denying judgment notwithstanding the verdict is therefore reversed and the case remanded with instructions to enter judgment for the defendant.

GRIMSON, C. J., and JOHNSON, SATHRE, and MORRIS, JJ., concur.