■ George H. Van Lengen, Appellant, v Julia Parr, Respondent.—Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: The court erred in dismissing plaintiff's complaint for failure to allege special damages. A cause of action based on a publication that is defamatory per se need not include an allegation of special damages *(Miller v Radin, 32 AD2d 1046; see generally, 43-44 NY Jur 2d, Defamation and Privacy, §§ 3-4, 167)*. In such cases, injury to reputation is presumed from the bare fact of the publication and there is no need to plead or prove specific injury or loss as a consequence *(see, Hinsdale v Orange County Publ., 17 NY2d 284, 288)*. A publication is defamatory per se if it imputes to plaintiff incompetence, incapacity or unfitness in the performance of his trade, occupation or profession *(see, Mattice v Wilcox, 147 NY 624; 43 NY Jur 2d, Defamation and Privacy, §§ 27-28)*.

A statement imputing incompetence or dishonesty to the plaintiff is defamatory per se if there is some reference, direct or indirect, in the words or in the circumstances attending their utterance, which connects the charge of incompetence or dishonesty to the particular profession or trade engaged in by plaintiff *(see, Kleeberg v Sipser, 265 NY 87, 92; Sanderson v Caldwell, 45 NY2d 398; Grinaldo v Meusburger, 34 AD2d 586,*

*appeal dismissed* 27 NY2d 598). Here, although the words spoken by defendant did not expressly refer to plaintiff's profession as a lawyer, it is clear that they were spoken "in reference or relation to" plaintiff's profession *(Gurtler v Union Parts Mfg. Co.,* 285 App Div 643, 647, *affd* 1 NY2d 5). The complaint alleges and the answer confirms that the words were spoken by defendant in direct response to a statement concerning plaintiff's engagement as an attorney. The words clearly address the subject of plaintiff's ability to practice his profession and were disparaging of his mental capacity and competence as a lawyer. Thus the words spoken, considered in light of the extrinsic circumstances alleged in the complaint, tended to injure plaintiff in his profession and are defamatory per se. (Appeal from order of Supreme Court, Onondaga County, Tait, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.