**J. D. Fulrath, Trading as Fulrath Nash Sales, Appellant, v. Richard Wolfe, Appellee.**

**Gen. No. 32,664.**

Opinion filed October 3, 1928.   Rehearing denied October 16, 1928.

Harold L. Ickes, for appellant.

Adler, Lederer & Kahn and Thomas B. Brown, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

The action is libel.

The cause was disposed of by a judgment of *nil capiat* when the court sustained a general and special demurrer to plaintiff's second amended declaration and plaintiff brings the record here for review on appeal.

The offending letter is in the following words:

"Chicago Nash Company
Motor Cars and Trucks
Telephone Calumet 2000
2000 Michigan Boulevard

H. T. Hollingshead
    President                    Chicago
                        May 28th, 1926.

Mr. J. D. Fulrath,
    % Fulrath Sales
7937 South Chicago Ave.,
Chicago, Illinois.
Dear Sir:

In view of the facts disclosed by our investigation into your methods of merchandising Nash cars, we

must discontinue our business relationship with you to take effect as mutually agreed upon between ourselves about ninety days ago.

You may consider this as formal notice to that effect—and confirming our conversation and understanding that we had with you yesterday afternoon.

Yours truly,<br>
Chicago Nash Company.<br>
Richard Wolfe,<br>
Secretary."

The letter with its innuendoes as set out in the declaration demurred to is as follows:

"Chicago Nash Company<br>
2000 Michigan Boulevard<br>
Telephone Calumet 2000<br>
Chicago

H. T. Hollingshead
  President

May 28, 1926

Mr. J. D. Fulrath,
  % Fulrath Sales
7937 South Chicago Ave.,
Chicago, Illinois

Dear Sir:—

In view of the facts disclosed by our (meaning Chicago Nash Company, Richard Wolfe, Secretary) investigation into your (meaning the plaintiff doing business as Fulrath Nash Sales) methods of merchandising Nash cars, (meaning that plaintiff's business methods were unethical and that plaintiff was a 'gypper') we (meaning Chicago Nash Company, Richard Wolfe, Secretary,) must discontinue our business relationship with you (meaning the plaintiff doing business as Fulrath Nash Sales) to take effect as mutually agreed upon between ourselves about ninety days ago.

You (meaning plaintiff doing business as Fulrath Nash Sales) may consider this as formal notice to that effect—and confirming our conversation and understanding that we (meaning the Chicago Nash Company, Richard Wolfe, Secretary,) had with you (meaning the plaintiff doing business as Fulrath Nash Sales) yesterday afternoon, (referring to the said accusation of the said defendant that said plaintiff was 'gypping' and was a 'gypper').

> Yours truly,
> (Signed)   Chicago Nash Company
> Richard Wolfe
> Secretary.''

It is not in dispute that the letter first above set out is not libelous or defamatory *per se,* but plaintiff contends in effect that adding to the offending letter certain innuendoes set out in the declaration, together with certain oral conversations therein set out read into the letter, stamps it as libelous and defamatory of plaintiff.

The gravamen of the libel, plaintiff insists, arises from the innuendoes averred, as the meaning intended to be conveyed by the letter and oral conversations in effect charged plaintiff with being a ''gypper.''

This contention raises the important issue as to whether a nonlibelous letter can be made libelous by combining with it certain words uttered by defendant in the presence of third parties, which, if they can be legally read into the letter, would change it from being one devoid of the elements of libel into a libelous communication. As the letter in itself is admittedly nonlibelous, we are not concerned regarding its publication by defendant if the slanderous words previously uttered cannot, for the purpose of establishing the libelous character of the letter, be read into it. We have not been referred to any case, nor are we acquainted with any, holding that contemporaneous or previously

uttered slanderous words may be read into the non-libelous article and thereby change its character from that of nonlibelous to one of libel. Plaintiff stresses that reference to plaintiff as a "gypper" in conversation can be read into the alleged libelous letter to give it its true and well understood meaning. This might be well enough if the word "gypper" anywhere appeared in the so-called libelous letter, but that word is nowhere found in the letter. The innuendoes found in the declaration as to what was intended by defendant in the use of the word "gypper" has no application to the stigmatized libelous letter, as that word is not there found. Such innuendoes are not available to impute a libel to the letter which in itself is otherwise innocent of any libelous meaning. The innuendoes set out in the pleader's interpretation of the intended meaning of defendant, in the words used in the letter, cannot be imputed to him for the purpose of changing an innocent letter void of any libelous interpretation, into that of one tainted with libel. It therefore follows that in legal contemplation and by legal construction, the innuendoes interpreted into the letter set forth, with such innuendoes in plaintiff's first count of his amended declaration, have no place there and are futile to impart a libelous character to such letter—nor are the slanderous words set out in the amended declaration, as being spoken by defendant of and regarding plaintiff, available to be read into the letter for the purpose of impressing such letter in itself innocent of libel, into that of a libelous character. The innuendoes in order to be available as a pleading in libel must be of the very words and phrases used in the letter upon which the libel charged is grounded. An examination of the amended declaration, with its interpretation of innuendoes as to the meaning of words not found in the alleged libelous letter, utterly fails to state by that pleading a libelous cause of action. Slanderous words uttered by defendant of and concerning plaintiff would

not be receivable as evidence supporting the libel alleged to arise from the contents of the letter set out in the first count of plaintiff's amended declaration after disregarding the innuendoes there set out as to words not found in the letter. If the word "gypper" was anywhere found in the letter these observations would have no application. While the spoken words may be actionable in a suit in slander, they have no force in an action of libel as in the case at bar. While it is true that if the slanderous words previously uttered were connected with the words in the so-called libelous letter they might be admissible in evidence on the question as to the measure of damages suffered by plaintiff chargeable to the published libel and repeated by the use of the same words orally, but not otherwise.

Taking the words of the letter with their obvious and not strained meaning they are to the purport and effect that defendant discharged the plaintiff from his employment under a contract with the Chicago Nash Company for the sale of its cars, and that such service under such contract was "to take effect as mutually agreed upon by ourselves about ninety days ago." The letter concludes with these words: "You may consider this as formal notice to that effect and confirming our conversation and understanding that we had with you yesterday afternoon." The effect of such letter was to terminate the existing contract as agreed the day before its date between plaintiff and defendant. If the contract existing between them was not terminated in that way plaintiff still has his action for its breach providing defendant did breach the contract in attempting to terminate it as he did.

The words of an alleged libel, where susceptible of it, will receive an innocent construction by interpretation. *Young v. Richardson,* 4 Ill. App. 364; *Isabella Harkness v. Chicago Daily News Co.,* 102 Ill. App. 162.

In later years there has not been much change by judicial construction of the law of slander and libel.

An early case, interesting and somewhat instructive by its reasoning and defining of what constitutes either libel or slander, is *Rice v. Simmons,* 2 Har. (Del.) 417. We cite it simply for its historical value on these phases of the law.

The letter of defendant to plaintiff, of May 28, 1926, on which the libel, the subject of this suit, is alleged to arise is neither of a libelous nor defamatory character and contains no words which can reasonably be construed as libelous. It consequently follows that the general and special demurrer interposed by defendant to plaintiff's second amended declaration is well founded in law, therefore the judgment of the circuit court, in sustaining said demurrers and entering the judgment found in the record, is affirmed.

*Affirmed.*

TAYLOR and WILSON, JJ., concur.