Elizabeth Dilling, Appellant, v. Illinois Publishing and Printing Company et al., Appellees.

Gen. No. 44,695.

Opinion filed March 8, 1950. Rehearing denied March 31, 1950. Released for publication April 12, 1950.

ALBERT W. DILLING and KIRKPATRICK W. DILLING, both of Chicago, for appellant.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellees; FLOYD E. THOMPSON and ROGER W. BARRETT, both of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages for the publication of an alleged libel. A motion to dismiss the complaint was sustained. Plaintiff appeals.

The complaint alleges that defendant corporation was the owner and publisher of a daily newspaper in Chicago, Illinois called the "Chicago Herald-American," that defendants Lapping and Koehler were its managing editor and general manager, respectively, and that on August 11, 1947 defendants published a libelous article which reads:

NAME SUBVERSIVE
LEADERS IN U. S.

Special to the Herald-American

SAN JOSE, CAL., Aug. 11.— California American Legion executives today had taken off the gloves and specifically named persons, publications and organizations in a stinging resolution against commu-

NAME MRS. DILLING

Persons named in the resolution as fostering subversive activities were: Gerald L. K. Smith, Gerhardt Eisler, Elizabeth Dilling, William Z. Foster, Charles B. Hudson, Eugene Dennis, Leon de Aryan and Gerald D. Winrod.

304

nism and other subversive elements.

The resolution, unanimously adopted at the final state executive committee session of the legion year here, will be presented to the national organization, at the legion convention in New York, Aug. 28 through 31.

Introduced by Americanism Chairman Harry L. Foster of San Diego, the resolution charged that "Communists and Fascists continue to threaten our cherished ideals of Americanism."

Publications described as being subversive in character were "The Broom," "America in Danger," "In Fact," "Think Weekly," "The Cross and the Flag," and "Appeal to Reason."

Organizations stamped as also on the subversive side were the "Christian Front" and the "Ku Klux Klan," and alleged Communist front veterans' organizations, such as the Christian War Veterans of America, the United Negro and Allied War Veterans of America and the Columbians.

Plaintiff alleges that the foregoing article was libelous in that "name subversive leaders in U. S." was tantamount to charging her with a crime of sedition if not treason and that the first paragraph of the article, since she is one of the persons named, likewise is tantamount to charging her with sedition if not treason; that the quotation in paragraph 3 charges that plaintiff was a Communist or Fascist and charges that she has in the past threatened and will in the future threaten our cherished ideals of Americanism; and finally she alleges that being named in the fourth paragraph as fostering subversive activities in effect charges that she is guilty of the crime of sedition if not treason. No allegations were made in the complaint showing actual malice or special damages.

 The sole question presented is whether the article complained of is libelous *per se.* Characterization of a person as a Communist (*Spanel v. Pegler,* 160 F. (2d) 619), and as an unAmerican disciple of fascism (*Holden v. American News Co.,* 52 F. Supp. 24) is libelous *per se.* The article is to be understood according to the natural and obvious meaning of the words used, taking into consideration the article as a

305

whole and including headlines (*Cook v. East Shore Newspapers, Inc.,* 327 Ill. App. 559), and where the words used have a clear meaning and are free from ambiguity it is a question for the court whether the words are capable of the meaning ascribed by the innuendo (*Life Printing & Publishing Co. v. Field,* 324 Ill. App. 254).

We think a person of ordinary intelligence should read a newspaper article, especially of the kind here in controversy, with ordinarily intelligent discrimination. It is not reasonable for an ordinarily intelligent person to ascribe to the term "subversive" standing alone the invidious meaning which plaintiff gives it in her complaint. To give the quotation the meaning alleged would be straining the words unduly, especially in view of the unqualified use of the term "subversive" in the paragraph naming plaintiff, and the use of the phrase "against Communism and other subversive elements," in the first paragraph. The meaning of the words alleged to be libelous cannot be by innuendo extended beyond a reasonable construction. Innuendoes are not available to impute libel to an article which in itself is otherwise innocent. (*Fulrath v. Wolfe,* 250 Ill. App. 130.) Words alleged to be libelous will receive an innocent construction if they are reasonably susceptible of it. (*La Grange Press v. Citizen Pub. Co.,* 252 Ill. App. 482.) Nowhere in the article complained of is there a statement that plaintiff is a Communist or a Fascist or that she is an adherent of Communism or Fascism. All the article says about the plaintiff is that she is named in the resolution as one who is fostering subversive activities. In our opinion the language used does not charge plaintiff with the crimes of treason or sedition, nor can the language of the published article be construed as charging plaintiff with any crime.

In her complaint plaintiff alleges that she "is a patriotic author and a lecturer on behalf of Christianity and Americanism."

"One who by his activities and by written or spoken language attempts to influence public opinion in any way is subject to the free and honest criticism of his efforts by members of the public. Thus, lobbyists and other persons attempting to influence prospective legislation, propagandists seeking public support for their causes, and various persons who participate in civic and state activities, not as office holders or candidates therefor, but merely as private citizens, are subject to the free expression of the opinion of those commentators who honestly but disparagingly pass judgment upon their activities." (Restatement of Law—Torts, vol. 3, sec. 610, p. 292.)

■ According to the allegations of her complaint, plaintiff sought public support and patronage, thus inviting public criticism. The fact that defendants were reporting and commenting on a matter of public interest appears from the complaint. Hence, defendants' right of fair comment in a matter of public interest was properly presented for determination by their motion to dismiss, and it was unnecessary to plead this right as an affirmative defense. Manifestly the executive committee of the California American Legion does not share plaintiff's views on Americanism. In our view this expression of difference of opinion as reported in the article here complained of is not actionable *per se*.

For the reasons given, the order sustaining defendants' motion to dismiss the complaint and dismissing the action is affirmed.

*Order affirmed.*

BURKE and KILEY, JJ., concur.