## RALPH W. CHANDLESS, PLAINTIFF, v. JOHN BORG, DONALD G. BORG, ROSSMAN H. WYNKOOP AND BERGEN EVENING RECORD, A CORPORATION OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided October 22, 1953.

*Mr. George F. Losche,* attorney for plaintiff.

*Mr. Harry Green,* attorney for defendants John Borg, Donald G. Borg and Rossman H. Wynkoop.

*Messrs. Winne & Banta (Mr. Horace F. Banta),* attorneys for defendant Bergen Evening Record.

WILLIAM A. SMITH, J. S. C. (specially assigned). In this case I have previously decided a motion on the part of the defendants for dismissal and summary judgment; an opinion was filed by me and permission given to the plaintiff, Chandless, to file an amended complaint, which has been done; and now a motion has been made and submitted to me, wherein the defendants move to dismiss under *Rule* 4:12–2(e), but as matters outside the pleadings are presented, the motion is to be treated as a motion for summary judgment.

To save repetition and setting forth the long articles referred to in the two counts of the amended complaint, I am referring to the opinion on the original motion, reported in 24 *N. J. Super.* 73, 93 *A. 2d* 651 (*Law Div.* 1952), and also the record in this case.

The present amended complaint consists of two counts. The right was reserved to the defendants to make such motions addressed to the amended complaint as they deemed advisable. The first count of the complaint charges as libelous an article published on March 26, 1951. The second count charges as libelous an article published March 29, 1951. These articles were included in the original complaint. Special damages are not sought under the

amended complaint or specifically stated as required by *Rule* 4:9–6, nor does the plaintiff charge actual or express malice. The record shows that the plaintiff, when specifically asked as to claims for special damages, stated that he was not going to allege special damages.

In approaching the consideration of the questions involved on this motion, we must consider the relationship as to the political controversies which gave rise to the articles published. This relationship is shown by the opinion on the motion addressed to the original complaint, reference to which is made, and suffice it to say that a controversy existed between the plaintiff, who was a political leader of one faction but not a candidate, and the defendants, in a primary election campaign, and that the defendants were supporting another faction in the same primary. The individual defendants were connected with the corporate defendant, which was a leading newspaper in the community where the parties live. No claim is made that the individual defendants were actuated by any motive other than support of the views expressed by the paper on the merits of the respective candidates in the primary.

The charge as to the article referred to in the first count is that it is libelous *per se*. In passing on this question, it must be borne in mind that, where newspapers are dealing with public questions and elections and there is no express malice, fair public criticism is for the public good, so that the public may pass upon the issues and the candidates, and also pass upon the support to be given to the factions involved. This court, on the original motion, in passing on this question of whether the articles were libelous *per se*, under circumstances such as are here involved, relied on the determination in the case of *Dressler v. Mayer*, 22 *N. J. Super.* 129, 91 *A.* 2d 650 (*App. Div.* 1952), wherein Judge Eastwood in his opinion quoted from 53 *C. J. S.* under *Libel and Slander*, § 13, *page* 59, which need not be repeated here.

The force and effect of the article set forth in the first count is not to charge the plaintiff with the innuendo as set forth in paragraph 7 of the complaint, but is to charge what

went on when the complainant's faction was in office. The charge of the innuendo must be supported by the text of the published article and whether it does or not is for the court to decide. The addition of the innuendo does not make the article libelous as there is no special damage alleged.

██ The second count of the complaint falls in a somewhat different category. The article set forth and claimed libelous was published March 29, 1951 and is a publication of a communication by the plaintiff to the defendant, John Borg, wherein a demand is made that the communication be given as much publicity as the article to which it replies, which article was published in the Bergen Evening Record on March 26, 1951, and forms the basis of the first count of the amended complaint. The article of March 29, 1951, which forms the basis of the second count, sets forth the letter of the plaintiff verbatim and the publisher complies with the plaintiff's demand, namely, "* * * I shall expect you to publish this letter in full with equivalent prominence in your next issue." The letter repeats many of the statements contained in the article of March 26, 1951 about which the plaintiff writes. Interspersed in the article of March 29, 1951, are comments by the editor on the pertinent parts of the letter. The statements set forth by the plaintiff in his letter from the article of March 26, 1951 cannot be the basis of a libel charged against the defendants, as the plaintiff demands the publication of his letter in reference to it. Much of the article, which covers over three pages of legal-sized paper, single-spaced, consists of statements by the plaintiff, and while there are comments by the editor, I do not consider that these can be libelous because they are his reply to the plaintiff and are based on the article to which the plaintiff is replying.

It may be claimed that the comment of the editor as contained in the article in the second count, which reads

"The fact: Mr. Chandless was expelled from office by unanimous vote of the State Senate after its Judiciary Committee had formally cited charges of conspiracy, perjury, subornation of perjury, misrepresentation, use of public office for personal gain, and conduct unbecoming a Senator."

is libelous *per se*. If it is the truth then it is a good defense as it is a matter of public record and history that the allegation is true.

The charge made in the second count, referring to the publication set forth therein, concerns "false, malicious and defamatory matter of and concerning the plaintiff," and then there is a quotation of the article; then in paragraph 3 the plaintiff charges as follows:

"In and by the publication of the editorial appendations in the matter aforesaid, the readers of said newspaper understood and derived the meaning therefrom that the plaintiff had been guilty of unprofessional practice of his profession as a lawyer and had caused the bankruptcy of a municipality of which he was, is and for many years has been the attorney."

To support a charge such as this by innuendo, the complaint must charge the parts that are false. The article is mostly a statement by the plaintiff, together with the comments of the editor, but no reference is made to the statements which are untrue and which give rise to the plaintiff's charge of "false, malicious and defamatory." The defendants are entitled to have specifically charged the parts of the article in the second count, which are charged to be false, as they are entitled to have the court decide whether or not the comments made in the article are fair comments by the publisher, taking into consideration the controversy that existed between the plaintiff and the newspaper.

My conclusion is that the plaintiff failed in both counts to allege the parts of the statements quoted which are claimed to be false and libelous and thus fails to state a cause of action, and that neither of the articles, taken as a whole in the light of the right of fair comment, is libelous *per se*.

The plaintiff has also pleaded innuendos as to the meaning to be derived from the publications but when we consider that no special damage or no express malice is alleged and that, in reference to the second count, the defendant has published the plaintiff's reply to the publication set forth in the first count, no recovery can be had under the circum-

stances of this complaint, as the plaintiff has failed to state a claim upon which relief can be granted, and the defendants are entitled to a summary judgment of dismissal, with costs.