### ABRAM v. ODHAM, et al.

Circuit Court, Duval County.

December 3, 1954.

William B. Dawson and Gerald R. Hart, both of Jacksonville, for plaintiff.

Boyd & Jenerette, Jacksonville, for Brailey Odham.

Loftin & Wahl, Jacksonville, for Florida Publishing Co.

EDWIN L. JONES, Circuit Judge.

This cause in which the plaintiff Joe Abram, doing business as the *Florida Political Survey & Poll,* sues the defendants Brailey Odham and the Florida Publishing Co., a corporation, came on to be heard on motions to dismiss the amended complaint filed by each of the defendants. I have heard and considered extensive arguments of counsel for the respective parties.

It is alleged in the complaint, in substance, that during a heated and controversial gubernatorial campaign plaintiff authored and published the *Florida Political Survey & Poll* which carried his prognostications and comments as to the comparative strength of the various candidates for public office, that he commented very unfavorably on the defendant Odham's chance to be elected governor, stating he was second to Johns, another candidate, and "appeared to be slipping badly."

Odham replied in strong terms in defense of his popularity with the public and his chance to be elected. The Florida Publishing Co.,

in the ordinary course of reporting the campaign, quoted Odham's reply and comment that—"Joe Abram is a phony and his poll is a phony."

In my opinion Odham had a right to answer the comments and accusations made against him in the *Florida Political Survey & Poll*. The allegations in the complaint, considered in their entirety, indicate the statements allegedly made by Odham were qualifiedly privileged under the law. They also indicate, in my opinion, that the defendant newspaper's account of Odham's comments and activities as a candidate was likewise qualifiedly privileged under the law. Smurthwaite v. News Pub. Co. (Mich.), 83 N. W. 116; Dickins v. Int'l Brotherhood of Teamsters (C.A.D.C.), 171 F. 2d 21; Abraham v. Baldwin (Fla.), 42 So. 591; Newell on Libel and Slander, 4th ed., sec. 429, p. 456; Hoeppner v. Dunkirk Prtg. Co. (N.Y.), 172 N.E. 139; Dillinger v. Illinois Pub. Co. (Ill. App.), 91 N. E. 2d 635; Tiernan v. East Shore Newspapers (Ill. App.), 116 N.E. 2d 896; Chandless v. Borg (N.J. Super. Ct.), 100 A. 2d 364; Pennekamp v. Florida, 328 U.S. 331, 90 L.ed. 1295; and Layne v. Tribune (Fla.), 146 So. 234.

It is ordered that defendants' motions to dismiss plaintiff's amended complaint are hereby granted. It is further ordered that plaintiff shall have 15 days from the date hereof in which to file a further amended complaint or plead as he may be advised, that each defendant shall have 15 days after receipt of copy of any further amended complaint within which to plead thereto as they may be advised.