Sveta MARIC, Plaintiff,

v.

Vukale VUKOTISH, Defendant.

No. 57 C 1898.

United States District Court
N. D. Illinois, E. D.

Oct. 14, 1959.

Julius S. Cordell, Chicago, Ill., for plaintiff.

Donald R. Hellyer, Chicago, Ill., for defendant.

PERRY, District Judge.

This cause came on to be heard on September 28, 1959 without a jury, a jury having been waived in open court.

The plaintiff Sveta Maric charged in his complaint, as amended on its face, that on or about August 11, 1957, the defendant Vukale Vukotish made slanderous statements about him in the presence of numerous people at the Serbian Eastern Orthodox Church of St. Archangel Michael in South Chicago, Illinois. The complaint further charged that the defendant caused to be published in the "Serbian News" at Rome, Italy, and then circulated all over the world, certain libelous statements concerning plaintiff.

At the close of proofs by the plaintiff and again at the close of all evidence, the defendant moved for a finding in his favor upon the ground that the statements were privileged. Both motions were taken under advisement.

The court, having heard the evidence adduced at the trial and argument of counsel, and after having taken this cause under advisement, sets forth findings of fact as follows:

Findings of Fact

1. The court has jurisdiction of the parties hereto and the subject matter herein.

2. On or about August 11, 1957, and at the Serbian Eastern Orthodox Church of St. Archangel Michael in South Chicago, Illinois, the defendant Vukale Vukotish attended a meeting of the Serbian Chetnik Veterans organization of which he was president. There were present at said meeting approximately twenty members of the organization. On that occasion the name of the plaintiff Sveta Maric was presented to be considered for membership in the organization, which consisted of refugees from communistic countries and, more particularly, persons from Yugoslavia and other countries with Slavic populations, with the object of opposing Communism. The defendant held in his hand a letter and stated that he had received complaints against the plaintiff and that his investigation led him to the conclusion that the plaintiff's application for membership should not be approved. He stated that the matter should be deferred. After some discus-

sion, he stated that he had received the letter from a confidential source in Canada but he refused to show the letter then. After further discussion, and when it became apparent that friends of plaintiff had prevailed in forcing a vote to admit the plaintiff into membership, the defendant stated that he had documentary evidence that the plaintiff was a Communist; that plaintiff was a member of the Yugoslav secret police, and that the plaintiff was here to spy upon members of the organization.

3. The plaintiff testified and denied that he was or is a Communist and that he hated and opposed Communism and that he had good cause to fear and hate Communists; that he had been so severely beaten by them that he had lost many of his teeth as a result of the beatings; that his father had been killed by Communists, and that his mother had suffered extreme cruelty at their hands.

4. The defendant produced the letter he had exhibited at the meeting on August 11, 1957 at South Chicago, Illinois. It was admitted and purported to come from a member of the Chetnik Veterans organization in Canada. The letter stated, among other things, that the writer recognized the plaintiff from a picture sent to him; that the plaintiff was the same accordion player that he had seen in Budapest, playing for and entertaining the Communists; that the plaintiff had come to Canada and reported on the Chetniks in the United States of America, and that he was not good for the local Chetnik Veterans.

5. Several members of the Chetnik Veterans testified that they were present at the local meeting of the organization on August 11, 1957 in South Chicago, Illinois, and heard the statements of the president, but no person was present and heard the statements except members of said organization.

6. Defendant testified and admitted, in substance, that he made the statements. He testified he had also stated that if, after further investigation, the charges were found to be untrue, he would be the first to shake the hand of the plaintiff. In his testimony the defendant refused to concede the falsity of his statements about the plaintiff, although a review board of the national organization of the Chetnik organization did, thereafter, find the charges unfounded, after considering the letter which defendant had, in part, relied upon when he made his statements.

7. The court finds that the statements made by the defendant about the plaintiff were false; that they were slanderous per se and that in addition they were slanderous by innuendo, because of the circumstances under which they were made and because of the persons to whom they were made; that they were intended to and did carry slanderous implications; that both the defendant and the persons in whose hearing they were made, at the Chetnik Veterans local meeting in South Chicago, Illinois on August 11, 1957, knew the words were meant and did carry slanderous implications; and that they were made with malice on the part of the defendant.

8. The plaintiff utterly failed to present any evidence connecting the defendant with or to show that the defendant caused the statements to be written in the "Serbian News" at Rome, Italy, or that he caused the same to be circulated in the United States. Plaintiff's own counsel admitted the plaintiff's failure to produce such evidence.

9. Plaintiff testified that he was earning $50 an evening for three evenings a week, playing the accordion, prior to this occurrence and that, as a result of the occurrence, he was out of employment for approximately two years. On cross-examination he admitted that he filed no income tax return for the year 1956 and could not remember what his earnings were for 1957, either before or after the occurrence. He admitted that he had no contact or commitments for his services. He testified that during the said two-year period he was the part owner of a tavern. His evidence was unsupported and there was no showing of special dam-

ages. Under all the circumstances, the court finds that the plaintiff was damaged in the amount of $1,500.

### Conclusions of Law

1. The court concludes the words used by the defendant about and concerning the plaintiff, as set forth in the findings of fact herein and at the time and place as above set forth, constituted slander per se and in addition thereto constituted slander by virtue of the circumstances under which the statements were made and considering the persons to whom they were made, and by innuendo they were intended to be slanderous.

2. The court concludes that the plaintiff did not establish evidence of libel by the defendant.

3. The court further concludes that the plaintiff is entitled to recover $1,500 from the defendant.