**Elmer GERTZ, Plaintiff,**

v.

**ROBERT WELCH, INC., Defendant.**

**No. 69 C 1288.**

United States District Court
N. D. Illinois, E. D.

Nov. 18, 1969.

———◆———

Wayne B. Giampietro, Chicago, Ill., for plaintiff.

James A. Boyle, Jr., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiff, a practicing attorney, brings this diversity action for libel under Illinois law, claiming that defendant published a magazine article, and reprints thereof, designating plaintiff as a Communist or Communist sympathizer. Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, or alternatively, for failure to satisfy the requisite jurisdictional amount.

Plaintiff's complaint alleges that he has been injured in his professional reputation and practice by defendant's publications. The alleged defamatory statements include representations that plaintiff has been an "official of the Marxist League for Industrial Democracy, originally known as the Intercollegiate Socialist Society, which has advocated the violent seizure of our government," that he is "preeminent" in the "Communist National Lawyers Guild," and that he is a "Leninist" and a "Communist-fronter."

The complaint generally seeks actual damages of $10,001 and punitive damages of $500,000 in each of two counts. If the libel is only a libel "per quod" rather than a libel "per se," the complaint would be defective because it fails to allege special damages which are essential to the maintenance of a per quod action. See, e. g., Whitby v. Associates Discount Corp., 59 Ill.App.2d 337, 207 N.E.2d 482 (3d Dist. 1965); Continental Nut Company v. Robert L. Berner Company, 393 F.2d 283 (7th Cir. 1968). The defendant contends that calling the plaintiff a Communist amounts only to a libel per quod.

Prior cases have uniformly held that it is libel per se under Illinois law to falsely label one a Communist. Dilling v. Illinois Publishing and Printing Company, 340 Ill.App. 303, 91 N.E.2d 635 (1st Dist. 1950); Spanel v. Pegler, 160 F.2d 619, 171 A.L.R. 699 (7th Cir. 1947); cf. Ogren v. Rockford Star Printing Company, 288 Ill. 405, 123 N.E. 587

(1919). Recent Illinois Appellate Court cases in two districts have, however, equated the standards for libel per se with those for slander per se.[1] Assuming that the resultant narrowing of the libel per se category is now the law of Illinois, plaintiff's complaint nonetheless establishes a per se case of defamation, for it meets the requirement that the challenged statements "prejudic[e] a particular party in his profession or trade." *Whitby v. Associates Discount Corp., supra,* 59 Ill.App.2d at 340, 207 N.E.2d at 484.

 The publication which is here in dispute concerns plaintiff's participation as counsel in certain law suits, and therefore reflects primarily and directly upon his profession and practice of law. As an attorney, plaintiff is an officer of the court and has sworn to uphold the Constitution and laws of the United States. Communist doctrine, teaching among other things the propriety of violent overthrow of American government, is of necessity inconsistent with this oath and with the attorney's calling. An allegation of Communist affiliations must necessarily cast grave doubts upon an individual's qualification to uphold, apply and interpret our system of laws, a system opposed by Communist theory. *Cf.* Grant v. Reader's Digest Ass'n, 151 F.2d 733 (2d Cir. 1945). The instant charges "impute to him a want of the requisite qualifications to practice law * * *" and are therefore actionable per se. Colmar v. Greater Niles Township Publishing Corp., 13 Ill.App.2d 267, 270, 141 N.E.2d 652, 654 (1st Dist. 1957).

Defendant relies primarily on Ward v. Forest Preserve District, 13 Ill.App.2d 257, 141 N.E.2d 753 (2d Dist. 1957), holding that calling one a Communist is not slander per se. Although that opinion stated that the alleged defamation did not injure plaintiff in his profession,

it nowhere identified what that profession was and is therefore not dispositive of the instant case. More analogous is Remington v. Bentley, 88 F.Supp. 166, 171 (S.D.N.Y.1949), holding that a charge of Communism injured plaintiff in his profession as an economist. "It is natural to presume that an economist who is a Communist adheres to the economic theories of Communism, which are repugnant to the theories historically accepted in this Country." And see Maric v. Vukotish, 178 F.Supp. 727 (N.D.Ill. 1959), holding that labeling a person a Communist is slander per se.

 Because plaintiff's complaint sufficiently avers a libel per se, actual and punitive damages may be recovered without pleading special damages. Accordingly, defendant's challenge to the jurisdictional amount must fail. See, *e. g.,* Lorillard v. Field Enterprises, 65 Ill.App.2d 65, 213 N.E.2d 1 (1965).

For the reasons heretofore assigned, an order has been entered today denying the motion to dismiss.

---

1. Whitby v. Associates Discount Corp., *supra*; Mitchell v. Peoria Journal-Star, Inc., 76 Ill.App.2d 154, 158, 221 N.E.2d 516 (3d Dist.1966) ; Grabavoy v. Wilson, 87 Ill.App.2d 193, 202, 230 N.E.2d 581 (3d Dist.1967); Coursey v. Greater Niles Township Publishing Corp., 82 Ill.App.2d 76, 81, 227 N.E.2d 164 (1st Dist.1967), aff'd. 40 Ill.2d 257, 261, 239 N.E.2d 837 (1968); Reed v. Albanese, 78 Ill.App.2d 53, 58, 223 N.E.2d 419 (1st Dist.1966).