NAKED CITY, INC., *et al.*, Plaintiffs-Appellants, *v.* CHICAGO SUN-TIMES *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 79-671

Opinion filed September 26, 1979.

Gordon James Arnett, of Chicago, for appellants.

Isham, Lincoln & Beale, of Chicago (A. Daniel Feldman and Pamela Bristow Strobel, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Naked City, Inc., Dick Drost, and Naked City, brought this action to recover damages caused by the publication of an allegedly defamatory newspaper column and editorial in the Chicago Sun-Times. The trial court granted defendants' motion to dismiss the amended complaint on the ground that the material published was not libelous as a matter of law. Plaintiffs appeal.

On August 4, 1977, the Sun-Times published an article written by its columnist, Bob Greene. In the article, Greene described a "Mr. and Miss Nude Teeny Bopper" pageant which was to be held at Naked City, a nudist camp located in Indiana. The article began with a headline which stated: "This nudist pageant seeks to lure kids." In their brief filed in this court, plaintiffs set out what they describe as the pertinent passages in Greene's column as follows:

"The event—called the 'Mr. and Miss Nude Teeny Bopper' pageant—is being sponsored by Dick Drost, owner of a nudist camp known as Naked City. * * *

COMING AS IT DOES in the wake of a nationwide controversy over child pornography, Drost's event raises questions about the legality and morality of staging such a pageant. * * *

'It's a nudist camp, and as long as they're not doing anything unlawful while they're inside the camp, there's nothing we can do,' [Sheriff] Madison said. * * *

Most nudists claim that there is nothing obscene about activities in nudist camps, and that nudists should be permitted to indulge in their pastime in privacy. * * *

'There is nothing wrong with photographing a nude person * * *. It has nothing to do with pornography * * *. If other groups of people start telling parents what they can or can't do with their children, then we've come to a pretty bad point in our society [said Dick Drost].' "

Shortly thereafter, the Sun-Times published an editorial which included the following:

"We are outraged.

When people run around naked in the privacy of a nudist camp, it's their business. But when someone arranges for children ages 6 to 16 to parade naked and has fully clothed people pay to watch and photograph them, it's pornography."

Plaintiff's allegations against defendants were contained in paragraphs 4 through 10 of their amended complaint. Stripped of their verbiage and prolix, the charges in the amended complaint were as follows: Paragraph 4 alleged that the headline reading, "This nudist pageant seeks to lure kids," was false and libelous; paragraph 5 alleged that Greene's column was libelous in that, by implication and innuendo, it stated that the pageant might result in the taking of photographs which could end up as child pornography; paragraph 6 charged that the column falsely stated parents were being paid to enter their children in the contest; paragraph 7 alleged that Greene's column, when read in its entirety, stated that the pageant involved moral turpitude; paragraph 8 charged that the editorial furthered the column's libelous material by describing the pageant as a racket which exploited minors for money; paragraph 9 alleged that the printed material maliciously created problems for plaintiffs in stating that law enforcement officials planned to do nothing about the pageant, since immediately after publication the local officials "swarmed in." Paragraph 10 alleged the malicious nature of defendants' libelous statements was demonstrated by the fact that another nearby nude resort was permitted to parade nude children without adverse publicity. Plaintiffs maintained that they suffered a loss of profits and that their reputation was damaged, and they sought 100 million dollars in damages.

The sole issue is whether the trial court correctly held that the published material was not libelous as a matter of law. We believe the court's holding was proper.

■■■ While false statements of fact receive no constitutional protection, the expression of an opinion can never be false so as to constitute a false statement of fact. (*Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997.) Plaintiffs concede that their amended complaint accused defendants of only three false statements in the printed material. Plaintiffs alleged that the headline for the column, "This nudist pageant seeks to lure kids," was false. In determining if an article is libelous, however, the words complained of must be construed in the context of the article as a whole, and the headline must be considered together with the text of the article. (*Reed v. Albanese* (1966), 78 Ill. App. 2d 53, 223 N.E.2d 419.) In *Reed,* the headline of the article which was alleged to be libelous incorrectly stated that plaintiff had been jailed for housing violations. This court found that with the exception of the headline the article accurately reported what had transpired. The court held that the headline must be read together with the entire article, and that when so read it was not libelous. Similarly here, the headline, when read together with the article, accurately depicts the conduct of the pageant. Plaintiffs' complaint also charges a false statement of fact when

Greene wrote parents were "being paid to enter their children in the contest." Plaintiffs, however, have never denied the accuracy of Greene's reported conversation with Drost which stated that parents would be given $10 or the equivalent of a free visiting pass. In conceding the accuracy of the comment, plaintiffs have contradicted their allegation that the statement was false.

Plaintiffs also urge that Greene by innuendo made a false statement of fact when he stated that the pageant might result in the taking of photographs which could end up as child pornography. We believe, however, that the remark was an expression of opinion rather than a statement of fact. And, as we have noted, expressions of opinion receive constitutional protection. Indeed, an examination of the amended complaint in the present case discloses that most of plaintiffs' charges refer to opinions offered in the published material. Thus the opinion in the editorial that the pageant amounts to "pornography" was protected by law. The comment of the court in *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997, is appropriate:

> "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." (418 U.S. 323, 339-40, 41 L. Ed. 2d 789, 805, 94 S. Ct. 2997, 3007.)

The Constitution permits defendants to express their opinion of a contest for nude children. Defendants' expression of that opinion, therefore, was not libelous.

As defendants accurately point out, the thrust of plaintiffs' charges is that defendants by virtue of the published material conveyed an unfavorable impression of the nude children's pageant. The first amendment of the United States Constitution permits and protects just such expressions of thoughts and exchanges of divergent opinions. Indeed, the first amendment rests on the principle that a wide dissemination of information from diverse and antagonistic sources is vital to public welfare. (*Associated Press v. United States* (1945), 326 U.S. 1, 89 L. Ed 2013, 65 S. Ct. 1416.) Defendants have the right to express their criticisms of children's nude pageants; they also have the privilege to comment unfavorably with regard to plaintiffs' activities in relationship to the nude contest. The trial court properly dismissed plaintiffs' amended complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiffs' amended complaint is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.